WILLIAM BROTHERTON ET AL v. LEVI WEATHERSBY.

No. 6301.

1. **Notice—Bona Fide Purchaser.**—Where defendant pleaded that he was a bona fide purchaser the court charged upon notice as follows: "If defendant purchased and paid for the land without any notice of plaintiff's claim or the claims of W. W. Brotherton, then you will find for defendant." The next paragraph of the charge

was: "A purchaser in good faith is one who buys and pays for land, taking a title which is regular upon its face, but defective by reasons of some extraneous fact, of which fact the purchaser had no notice either actual or constructive at the time of his purchase. If the defendant had notice of such facts in reference to the claim of W. W. Brotherton to the land as would put a prudent man upon inquiry, the reasonable investigation of which would lead to the knowledge of the facts, then he would not be an innocent purchaser." *Held*, that the first paragraph was merely a defective charge, but that taken with the succeeding paragraph the law of notice was fully given.

2.   **Express Trust—Stale Demand.**—Where two parties buy land, each advancing half of the purchase money, taking the title in the name of one of them, an express trust is created. The right of the part owner not named in the title is not concluded by limitation or stale demand until the requisite lapse of time after a repudiation of the trust and notice of it have been shown.

3.   **Repudiation of Trust.**—It was error to instruct the jury that the sale by the trustee of one-half of the land was a repudiation of the trust. If consented to or approved by the beneficiary such sale would not be a repudiation.

4.   **Express Trusts—Statute of Frauds.**—Our statute of frauds does not require that such trusts shall be evidenced by writing, and it is settled in this State that they may be established in our courts by parol.

APPEAL from Fannin. Tried below before Hon. D. H. Scott.

The opinion and the first paragraph of the syllabus contain a statement. This is a second appeal. 62 Texas, 170.

*Richard B. Semple*, for appellants.—On notice. Weathered v. Boon, 17 Texas, 143; Hawley v. Bullock, 29 Texas, 216.

On limitation and stale demand. Gibbons v. Bell, 45 Texas, 417; Grumbles v. Grumbles, 17 Texas, 472; Bailey v. Trammell, 27 Texas, 317..

On repudiation of the trust. Freem. on Coten. and Par., secs. 188, 535.

No brief for appellee has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was originally brought by W. W. Brotherton, ancestor of the present appellants, to recover of the present appellee and others the land in controversy. The case was before this court upon a former appeal and was reversed upon a question of evidence. Simpson v. Brotherton, 62 Texas, 170. The original plaintiff having died, the appellants now before the court made themselves parties plaintiffs, claiming as his heirs, and dismissed their suit as to all the defendants except the appellee Weathersby. The appellee claimed the land under John Brotherton, a brother of W. W. Brotherton. The amended petition of appellants alleged that in 1856 a certain tract of land embracing that now in controversy was vacant, unappropriated domain, and that for the purpose of acquiring title thereto John Brotherton and W. W. Brotherton purchased the certificate by virtue of which it was subsequently located, and that each paid one-half of the purchase money. It was also averred that in 1856 they caused the certificate to be located upon 363 acres of land, including the land in controversy, and

that subsequently in 1857 the vendor of the certificate transferred the same in writing to John Brotherton for the benefit both of himself and his brother. It was further alleged that subsequently a parol partition was agreed upon between the two by which John was to have the east and William the west half of the land, and that shortly thereafter the former conveyed the half so set apart to him to one Carrol Grant, leaving the latter the sole owner of the other half, in which is included the land in controversy. John Brotherton died in 1870, and upon a partition of his estate that portion of the tract claimed in this suit by plaintiffs was set apart to his son James M. Brotherton, who sold and conveyed the same to appellee.

Defendant upon the trial introduced testimony tending to show that he was a bona fide purchaser for value. He proved the payment of the purchase money, but upon the question of notice the evidence was conflicting. The court charged the jury that "if defendant * * * purchased and paid for the land without any notice of plaintiffs' claims or the claims of W. W. Brotherton then you will find for defendant." This is assigned as error, and it is urged that the court should have gone further and given an instruction upon constructive notice. In support of the assignment it is argued that the charge was calculated to lead the jury to conclude that unless the defendant had actual knowledge his defense was good although he may have had constructive notice, and hence that it is a case not of a mere failure to give a proper instruction but of an erroneous charge. We think otherwise. If the charge had gone no further the plaintiff should have asked additional instructions upon the point if they desired them. But in point of fact the court in the next paragraph of the instructions did give the law of constructive notice.

The third assignment of error is that "the court erred in charge No. 5 in charging the jury that if John Brotherton never recognized any interest of W. W. Brotherton in the land but claimed it as his own, W. W. Brotherton's right would be barred in ten years, even though there was an agreement and joint purchase and a joint payment of the purchase money." If there was an agreement to buy the certificate and to locate the land for the benefit of both, and if W. W. Brotherton paid his half of the purchase, then an express or direct trust was created. Our statute of frauds does not require that such trusts shall be evidenced by writing, and it is settled in this State that they may be established in our courts by parol. Miller v. Thatcher, 9 Texas, 482; James v. Fulcrod, 5 Texas, 512; Mead v. Randolph, 8 Texas, 191; Bailey v. Harris, 19 Texas, 109; Cuney v. Dupree, 21 Texas, 211; Dunham v. Chatham, Id., 231; Grooms v. Rust, 27 Texas, 231.

The doctrine is elementary that the statute of limitations does not run against an express trust until the trustee has done some act which shows repudiation of the trust, and which is brought to the knowledge of the

*cestui que trust.* The same rule we take it is applicable to the defense of stale demand. The charge should have been that if there was an agreement to purchase the certificate and to locate land as alleged in the petition, and if the transfer was taken in the name of John Brotherton and W. W. Brotherton paid one-half of the purchase money, the time requisite to bar the action would not commence to run until there was some act of repudiation by John Brotherton or his heirs which was brought to the knowledge of his brother. Gibbons v. Bell, 45 Texas, 417. We conclude that there was error in the instruction.

We think also that appellant's fifth assignment of error is well taken. It complains that "the court erred in charging the jury that the sale to Carrol Grant of a part of the land was an act of repudiation on the part of John Brotherton unless the parties had had a partition of the land, or such partition was agreed upon at the time or before said sale."

This charge made a sale of a part of the land before partition and without consent of W. W. Brotherton a repudiation of the trust on his brother's part. Ordinarily a sale of the whole or a part of the property held in trust when such sale is inconsistent with the duties of the trustee should be held an act of renunciation. But this is not necessarily so in every instance. If in the present case the east half and the west half of the land were of equal value, and John Brotherton without authority from his brother but in good faith and without intending to deprive his brother of any right conveyed the one-half to a third party, recognizing the other as his brother's and intending to hold the same for his benefit, and his brother upon being informed of the transaction acquiesced therein, it could not be held that this was an act of repudiation. An act which fully recognizes and leaves unimpaired the rights of the beneficiary is not necessarily a renunciation of the trust. There was evidence from which the jury might have found that the sale was not intended as a repudiation and was satisfactory to W. W. Brotherton, although they may not have believed that his consent was obtained before the sale was made. The instruction is erroneous and the jury may have been misled by it. Therefore the judgment must be reversed.

In view of the fact that there will be a new trial it is not proper to discuss the evidence. Therefore the assignment of error which calls in question the sufficiency of the evidence to support the verdict will not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 12, 1889.