## J. R. Sutor v. G. W. Wood.

### No. 2880.

1. **Pleading.**—In a suit for malicious prosecution, the want of probable cause and malice being the issuable facts, the plaintiff is not required to plead any portion of the evidence by which he expects to establish either, and the defendant may prove any fact which tends to disprove their existence, without specially pleading it.

2. **Same—Malicious Prosecution.**—When it is shown that the plaintiff in a suit for malicious prosecution was prosecuted on the affidavit of defendant, arrested and brought to trial, it is no defense that the court was without jurisdiction.

3. **Fact Case—Copy of Affidavit.**—See opinion for certified copy of affidavit on which a prosecution was based, *held* admissible in evidence.

4. **Impeaching Witness.**—A witness can not be impeached by showing that he swore falsely about an immaterial matter.

5. **Presumption from Verdict.**—In suit for malicious prosecution evidence of a verdict of not guilty does not raise a conclusive presumption that there was no probable cause for the prosecution.

APPEAL from Harris. Tried below before Hon. James Masterson.
The opinion states the case.

*Charles E. Dwyer*, for appellant. — 1. "Every material issuable fact must be alleged in the pleadings in order to admit necessary evidence in support of it;" and if it be held that the alleged affidavit of appellant made before F. M. Poland, United States commissioner, was properly admitted in evidence, then, aside from the question as to the extent of damage to appellee, the only material issuable fact in the case was as to whether or not appellant authorized or requested appellee to open the letters in question, and no evidence was admissible upon that issue, because it was not set up in the pleadings of the plaintiff. Mims v. Mitchell, 1 Texas, 447; Wright v. Wright, 3 Texas, 168; Hall & Jones v. Jackson, 3 Texas, 305, and cases cited; Guest v. Lubbock, 5 Texas, 535; Griffin v. Chubb, 7 Texas, 603; Thompson v. Thompson, 12 Texas, 327; Thomp-

son v. Munger, 15 Texas, 529; Lemmon v. Hanley, 28 Texas, 219; Pacific
Exp. Co. v. Harrington, 62 Texas, 639; Railway v. Bayliss, 62 Texas, 573;
Willis & Bro. v. Hudson, 63 Texas, 683; Grothaus v. Witte, 72 Texas,
124; Railway v. Hurley, 74 Texas, 593; 1 Ct. App. C. C., sec. 940; Har-
rison v. Nixon, 9 Pet., 503; Miller v. Foley, 28 Barb., 630; Wade v.
Chaffee, 5 · Am. Rep., 572; Scheer v. Keown, 34 Wis., 355; Spear v.
Hiles, 30 N. W. Rep., 506.

2.   The copy of the affidavit was inadmissible in evidence, because the
clerk of the United States court did not certify that the affidavit was
made by John R. Sutor, and does not state whether the affidavit attached
to the information was an original or a copy.

3.   The affidavit was inadmissible because it does not appear that it
was ever filed in or was a record of the United States court, but it does
appear that it was filed in and was a paper belonging to the United States
Commissioner's Court, and the certificate of the clerk of the United States
Circuit Court could give no probative effect to a copy of a paper not duly
filed in his office.   Fulkerson v. Houts, 55 Mo., 301; Pope v. Thomson,
66 Mo., 661; Peterson v. Taylor, 15 Ga., 483; Betteson v. Budd, 21.
Ark., 580; Engleman v. State, 2 Ind., 91; Lemson v. Falls, 6 Ind., 309;
Hardin v. Blackshear, 60 Texas, 132; Rev. Stats., art. 1445.

4.   The purported affidavit was not shown to be a proper record of the
Circuit Court of the United States, because there is nothing in the record
to indicate how it came there, and the laws of the United States required
the commissioner to issue his warrant for the arrest of the party charged
with an offense in the affidavit, and gave him no authority to transmit it
to the United States Circuit Court without action, if he did so.   Rev.
Stats. of U. S., sec. 1014; United States v. Sherman, 2 Abb., 523; Ex
Parte Kaine, 3 Blatch., 1; United States v. Shepherd, 1 Abb., 431; Rev.
Stats., art. 1445.

5.   The assertion by appellee's counsel of facts not in evidence which
were calculated to arouse the sympathy of the jury for appellee or excite
their prejudice against appellant, especially when the evidence was con-
flicting, was reversible error, and it was not cured by the further remarks
of counsel, or the admonitions of the court to counsel and the jury.   Wil-
lis & Bro. v. McNeill, 57 Texas, 465; Railway v. Jarrell, 60 Texas, 267;
Railway v. Cooper, 70 Texas, 67; Railway v. Kutac, 72 Texas, 653; Be-
ville v. Jones, 74 Texas, 148; Railway v. Hurley, 74 Texas, 593; Railway
v. Jones, 73 Texas, 232.

6.   The court erred in refusing to give to the jury the fifth special
charge asked by defendant, which said charge is as follows:   "You are
instructed that the verdict in the United States Circuit Court is no evi-
dence to be considered by the jury upon the trial of this cause."   Griffin.
v. Chubb, 7 Texas, 614; Heldt v. Webster, 60 Texas, 207; 1 Whart.
Ev., p. 302, sec. 356, note 1; 1 Hill. on Torts, p. 428, sec. 16.

*Hutcheson, Carrington & Sears,* for appellee.— 1. The charge on which appellee was prosecuted, as alleged in the petition, was that of unlawfully opening the letter of appellant Sutor before it had been delivered to him, with the design to pry into his secrets and business. The material issuable fact was that that charge was false and the prosecution under it malicious. It was not necessary to allege each incident or the evidence going to establish that fact. Gould's Plead., sec. 166; 2 Chitty on Plead., 601, 607, 608; McCauley v. Long, 61 Texas, 74–79, and cases cited.

2. Without restating here the whole record, we state that there is no testimony in the record that Wood read the letter or further pried into other secrets in it. Fordtran v. Ellis, 58 Texas, 245; Railway v. Rider, 62 Texas, 267; Cook v. Dennis, 61 Texas, 248, and cases cited; Belcher v. Fox, 60 Texas, 531.

GAINES, ASSOCIATE JUSTICE. — This suit was brought by appellee against appellant to recover damages for a malicious prosecution. This is the second appeal. The opinion on the former appeal is reported in 70 Texas, 343.

It appears from the evidence that Wood was a constable of Harris County, and had Sutor under arrest to answer a complaint made against him in a Justice Court. Wood testified that he placed Sutor under the guard of one Dixon. Sutor wrote to Houston to his wife to have a bail bond executed, and, as Wood testified, authorized him when it came to the postoffice to take it out and open it. Wood did take from the post-office a letter containing a bond, and the bond not being properly executed and another having been sent for, opened a second. When his trial came on Sutor was convicted, and was adjudged to pay the costs. The evidence in the present case tended to show that Sutor was dissatisfied with the costs charged by Wood in the criminal case. He caused Wood to be proceeded against for extortion, and also made before a United States commissioner an affidavit charging him with opening a letter addressed to the affiant "with design to pry into the business or secrets of affiant, against the laws of the United States governing postal matters." Upon this affidavit the district attorney of the United States for the Eastern District of Texas filed an information against Wood in the Circuit Court of the United States at Galveston, and caused him to be arrested and carried before that court for trial. Having been tried before that court and acquitted, he brought this suit to recover of Sutor damages for maliciously prosecuting the criminal action against him.

Upon the trial appellee was permitted, over appellant's objection, to offer testimony to show that appellant had authorized him to open the letters. The ground of the objection was that there was no allegation in the plaintiff's pleading to authorize the introduction of the evidence.

The objection was not well taken. A party is required to plead only the. issuable facts which constitute his cause of action, and is not required to plead the evidence by which such facts are to be established. The issuable facts in this case were that the defendant had caused a prosecution against the plaintiff; that the action was at an end; that there was no probable cause for the prosecution; that it was instigated by malice, and that the plaintiff had been damaged thereby. Griffin v. Chubb, 7 Texas,. 603. The want of probable cause and malice were issuable facts, and not mere conclusions of law, and plaintiff was not required to go beyond the averment of these facts, and to allege the evidence by which he ex-- pected to establish them. In the case cited it is said:

"It is incumbent on the plaintiff to allege the want of probable cause and malice. The denial of these averments puts in issue the facts. It further devolves upon the plaintiff to prove the truth of his averments, and when the issue has been thus formed, and the proofs adduced by plaintiff which conduce to establish the issue on his side, no reason is perceived why the defendant may not maintain his side of the issue by the proof of any facts which go to rebut or repel the evidence introduced by plaintiff without specially pleading them."

This extract shows the principle that facts which are merely evidence of the material facts in issue need not be pleaded. In order to show malice and the want of probable cause, the plaintiff had the right under his pleading to prove that the defendant authorized him to open the letter he was charged with having unlawfully opened.

It is also complained that the court erred in admitting in evidence the certified copy of the affidavit of defendant in which he charged plaintiff with having unlawfully opened his letters. The grounds of objection to the evidence are substantially stated in the assignment of error, as follows::

"For the reason that the said C. M. Dart, clerk as aforesaid, only certifies that it is a correct copy of affidavit of John R. Sutor, attached to information filed in cause No. 163 on the criminal docket of said court, entitled The United States v. George Wood; does not certify that the affidavit was made by John R. Sutor; does not certify that said affidavit. was ever filed in the said United States Circuit Court, or that it was or is a legal record of said court, because said affidavit does show by the endorsements thereon that it was filed in and was a record of another court, to-wit, the court of the United States commissioner having jurisdiction. to act upon it, and because the laws of the United States give the commissioner no authority to transmit the affidavit to the United States Circuit Court, but made it his duty to act thereon, and because not being a. legal record of the United States Circuit Court, the certificate of the clerk of said court gave no probative effect to said affidavit."

None of the grounds of objection are tenable. The certificate of the clerk does show that the affidavit is that of Sutor, and it sufficiently ap--

pears that it was filed in the United States Circuit Court, and was a record of that court. As to the objection that the affidavit was never properly filed in the United States court, we think that question was settled by the decision upon the former appeal. It was then conceded that the offense which was set out in the affidavit was such as could only be prosecuted by indictment, and that it was not in the power of the court to proceed by information. But it was held, nevertheless, that the defendant was liable in damages for the prosecution if in fact it was malicious. The plaintiff was actually prosecuted, arrested, and brought to trial, and it does not lie in the mouth of the defendant to say that the court was without jurisdiction. So the affidavit was actually filed in the United States court as the basis of the prosecution, and it became in fact a record of that court, whether the proceeding was proper or not. It was substantially upon this ground that the affidavit was excluded upon the first trial, and it was held upon the former appeal that its exclusion was error.

The third assignment of error is as follows: "The court erred in refusing to permit defendant to offer evidence tending to prove that defendant's wife wrote to him to send the girl Amelia to Houston, to get her out of the way as a witness against him, and that the plaintiff, at the time he handed said letter to defendant Sutor, told the girl Amelia that she must give bond for her appearance, as she was going to Houston; said evidence being offered as a circumstance tending to prove that plaintiff had possessed himself of the contents of said letter, which he did not claim to have been authorized to do, and being also admissible upon the question of exemplary damages and motive."

Should it be conceded that the testimony offered tended to prove that plaintiff had acquainted himself with the contents of the letter, we think the testimony was immaterial, because his case was not based upon the ground that he did not open the letter, but upon the ground that the defendant had authorized him to do so.

There was no evidence to justify the charge the refusal of which is complained of in the tenth assignment of error, and none could have been properly introduced.

The fourth assignment is as follows: "The court erred in refusing to permit defendant to testify as to the distance between the house of the defendant and that occupied by John P. Dixon, the same having been offered for the purpose of contradicting the testimony given by the plaintiff George W. Wood upon a material fact, and also tending to corroborate defendant's testimony," etc.

The testimony offered was, in our opinion, wholly irrelevant. There was much immaterial testimony introduced as to what occurred between the plaintiff and defendant while the former had the latter under arrest. The testimony sought to be disproved by that offered was of that char-

acter. What plaintiff testified in reference to the distance between defendant's house and that of Dixon was not material to any issue in this case. A witness can not be impeached by showing that he swore falsely as to an immaterial matter.

It is claimed in the fourth assignment that " the court erred in refusing to permit defendant to ask plaintiff upon cross-examination whether he did not, from the time he arrested defendant up to the time defendant gave bond for his appearance before the justice of the peace, have in his (plaintiff's) possession ten head of stock as security for defendant's appearance, the same being offered as a circumstance tending to show that the parties were not anxious for the immediate execution of the appearance bond, and corroborating defendant's testimony as to what he really did tell the plaintiff in regard to the letters in question."

We think the evidence offered was foreign to any issue presented, either by the pleadings or evidence. We fail to see how it tended to show that defendant did not authorize plaintiff to open the letter containing the bond.

We do not think the charge the refusal of which is complained of in appellant's seventh assignment was calculated to enlighten the jury in determining the issues presented. Every juror should be presumed to understand that all the evidence introduced is admitted for his consideration. It is the privilege of counsel in argument to select such parts of the evidence as they choose, and urge upon the jury its especial consideration. The charge of the court, though concise, was clear and full, and, as we think, sufficiently presented all the phases of the case made by the pleadings and evidence.

We are also asked to reverse the judgment on account of improper language used by counsel for plaintiff in the closing argument to the jury. A portion of the language complained of we do not deem improper. It is as follows:

"I proved that he" (meaning defendant) "was down at the trial" (meaning that of plaintiff in the United States court), "and that plaintiff was acquitted upon the ground that he had permission to open the letters."

It was proved that the defendant was present at the trial of plaintiff, and it is a legitimate deduction from all the testimony taken together that plaintiff was acquitted on the ground stated. The verdict and judgment in the case were introduced in evidence. The other remark, being a reference to plaintiff's poverty, was objectionable; but it was promptly checked by the court, and the jury were instructed to disregard it. The evidence being ample to sustain the verdict, and the damages not appearing excessive, we have no reason for concluding that the remarks complained of in any manner influenced the jury.

The appellant also complains of the refusal of the court to give the following charges:

"You are instructed that no verbal authority from defendant to plaintiff to take defendant's letters from the postoffice would authorize the defendant (plaintiff) to take any registered letter from the postoffice directed to defendant.

"You are instructed that the verdict in the United States Circuit Court is no evidence to be considered by the jury upon the trial of this cause."

We fail to perceive the propriety of the first of these instructions. We do not see what difference it made, so far as this case is concerned, whether the letter was registered or not. If plaintiff got possession of it and opened it by authority of defendant, the defendant was not warranted in instituting the prosecution. As to the second, we think it would have been error to give it. The plaintiff was bound to prove that the prosecution was at an end. Griffin v. Chubb, *supra.* The verdict and the judgment were the best evidence of this fact, and as such demanded the consideration of the jury. In the case last cited it was held that a verdict of not guilty did not raise a conclusive presumption that there was no probable cause for the prosecution; and the rule was followed in the subsequent case of Heldt v. Webster, 60 Texas, 207. But in the latter case the court say: "Whether there was a want of probable cause was for the jury to determine under the facts in evidence, and they might consider in making up their verdict the fact that the appellee had been discharged by the examining court." So, also, a verdict of not guilty is to be considered under the same circumstances.

There is no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered March 4, 1890.