### JAMES MOORE v. JOHN S. ROGERS.

#### No. 3178.

1. **Conflict of Evidence.**—This court will not reverse upon the facts where the testimony is reasonably sufficient to support the verdict and judgment.

2. **Remarks of Counsel—Practice.**—On appeal, it not appearing that objection was made on the trial to improper language by counsel in the argument, this court is not called upon to consider the question. But see remarks of counsel commented on and conclusion reached that no injury was caused by them.

3. **Transfer in Stock of Corporation.**—In a suit for money paid out by plaintiff at the instance of defendant, in buying for defendant stock in a corporation, and it appearing that the presentation of receipts for subscriptions to stock of the kind purchased, to the secretary of the association without a written transfer from the original owners, entitled the holders thereof to the certificates of stock they represented, and that stock would have been issued to the holder if the receipts had been presented, *held*, that such receipts had not been indorsed by the original owner was not a valid objection to receiving them when bought by the agent and tendered to the principal.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*Scott, Levi & Smith,* for appellant.

*Wheeler & Rhodes,* for appellee.

FISHER, JUDGE, *Section B.*—This suit was filed September 18, 1890, by appellee against appellant, wherein he seeks recovery of judgment against appellant for the sum of $1190, with interest at 8 per cent per annum from the 8th day of June, 1889. The case made by the petition is substantially as follows: That there was, in June, 1889, and prior thereto, a corporation doing business in Galveston, Texas, known as the "Galveston Exhibition Association." The object and purpose of the association was to attract visitors to the city of Galveston and for the mutual profit and benefit of the stockholders of the concern; that the corporation had issued and circulated a great number of shares and certificates of stock in the concern; that they were held and owned by various parties; that appellant was one of the promoters and managers of the enterprise; that appellant, desirous of purchasing

the stock of the concern for his own profit and benefit, engaged and employed appellee to purchase stock for him in the concern at a price not exceeding 50 cents on the dollar for every dollar of stock so purchased; and for all stock so purchased in his behalf appellant agreed and promised to pay to appellee the amount expended and paid therefor by appellee; that in pursuance of said agreement, appellee, on the 8th day of June, 1889, purchased for appellant $3400 worth of stock, for which he paid $1190; that at the time of the purchase of the stock he tendered the same to appellant and demanded payment of the sum that he had expended therefor; that appellant refused to receive the stock or pay for same. Delivery and tender of the certificates and shares of stock is made in the petition, with prayer for judgment for amount expended therefor.

Appellant answered by general demurrer and general denial. Verdict and judgment was rendered in favor of appellee for the sum of $1190, with interest at the rate of 8 per cent from June 8, 1889.

Appellant by his first assignment of errors contends, that the verdict and judgment are contrary to the great preponderance of evidence, he insisting that the facts stated in the record show that appellee and appellant did not enter into the agreement as alleged by appellee in his petition, and that he did not have authority from appellant to purchase the stock on his account. It is sufficient to say in reply, that a careful consideration of the evidence leads to the conclusion that it is sufficient to support the verdict and judgment. Considering the evidence offered in behalf of appellee, it is ample in proof of the averments of his petition.

Complaint is made that the following remarks of counsel for appellee in his argument to the jury excited in the mind of the jury an undue prejudice against appellant. The language of counsel is as follows: "The stock was and is worthless, and the only question to be decided in this case was where the loss should fall, whether on the defendant, who had been buying such stock for his own account and had been on the inside of the management of said association, or upon the plaintiff, who had not sought to sell even his own stock in the association, but had stood his loss as a good citizen of Galveston should have done?"

We do not feel called upon to consider this question as presented, because the question here urged was not raised in the court below. No exception was made to the language of counsel, and the attention of the court was not called thereto; but we do not see how any prejudicial effect could have resulted from the use of this language. The facts commented upon in the argument are reasonable deductions to be drawn from the evidence. The use of the expression that the appellant "had been on the inside of the management of the association" simply conveys the idea that he was familiar with its condition and the value of its stock. In view of the fact that he was a director and officer of the

concern, it raises an implication that he was familiar with its condition. In disposing of this question we desire to say, that considering the evidence, with or without these remarks of counsel, we think the jury in their verdict reached a correct result, and that it is supported by the preponderance of evidence.

Among the items of stock purchased by appellee for appellant are three receipts for subscriptions to stock that were not formally transferred by the original owners. The want of indorsement showing the transfers of these three receipts for subscription is urged as an objection by appellant as showing a want of ownership and title in the stock, and that such transfers should have been made by the original owners in order to pass the title thereto.

The evidence shows that the presentation of these receipts to the secretary of the association without a written transfer from the original owners entitled the holders thereof to the certificates of stock they represented. The evidence further shows, that such certificates would have been issued to the holders whenever the stock was presented to the secretary. It is also shown that these receipts, the evidences of the right to so much stock in the concern, were purchased by appellee for the use of appellant. This question, like the others presented in this record, is without merit.

We conclude the case should be affirmed, and so report it.

*Affirmed.*

Adopted March 15, 1892.