J. F. AND J. P. HOUSER v. W. T. JORDAN.

Decided June 7, 1901.

1.—Trust—Statute of Frauds—Parol Evidence.

The statute of frauds does not apply to trusts arising directly from an express contract, nor to implied or constructive trusts, and the contract by which an express trust is created, or the facts from which an implied trust will result, may alike be proven by parol.

2.—Same—Legal Title Held in Trust.

Where three joint creditors took a trust deed in the name of one of them only, and it was foreclosed under an oral agreement by which the one named therein was to purchase the property for the benefit of all, the price bid being credited on the joint debt, the purchaser held the legal title to a two-thirds interest in the property in trust for the benefit of such other creditors.

Appeal from Rockwall. Tried below before Hon. J. E. Dillard.

H. M. Wade, for appellants.

Stroud & Ridgell, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—In this case the court below sustained a general demurrer to the petition, and plaintiffs declining to amend, their suit was dismissed. The cause of action set up in the petition is in substance as follows: Plaintiffs, J. F. and J. P. Houser and the defendant, W. T. Jordan, were sureties upon the note of one W. H. Houser in favor of the Collin County National Bank. Default was made in the payment of said note at maturity, and the bank brought suit thereon and recovered a judgment against all of said parties, upon which judgment an execution was issued and levied upon certain land of the said W. H. Houser, the same being the land in controversy in this suit. Pending the sale of said land under execution, the plaintiffs and the defendant borrowed money for which they executed their joint note and with which they satisfied the judgment in favor of the bank and had said levy released. To indemnify and secure plaintiffs and the defendant in the payment of said note, the said W. H. Houser and wife executed a deed of trust whereby said land was conveyed to W. P. West, trustee, with power of sale in case said note should not be paid at maturity. Said deed of trust in terms appeared to be only for the benefit of the defendant, but in truth and in fact was made for the express purpose of indemnifying both plaintiffs and defendant against liability on said note and to provide security for plaintiffs and defendant in lieu of the lien in their favor created by said levy, and it was expressly understood and agreed between plaintiffs and defendant that the benefit of said deed of trust should inure equally to all three of the makers of the note which it was given to secure.

W. H. Houser having failed to pay said note at maturity, the same was paid by plaintiffs and defendant, each paying an equal amount

of same, and each becoming thereby an equal owner of said indemnity. Soon after the payment of said note, plaintiffs and defendant agreed that said deed of trust should be foreclosed, and should the proceeds of the sale be sufficient to indemnify all three of the beneficiaries, the same should be equally divided between plaintiffs and defendant, and if said property should not sell for enough to indemnify both plaintiffs and defendant, then the defendant was to bid in the property and take the title thereto in his own name for the benefit of himself and the plaintiffs and credit the amount of his bid on said joint note. In pursuance of said agreement the defendant procured the sale of said property and became the purchaser thereof for the sum of $100, which amount was credited on said joint note, and received a deed therefor from the trustee in his own name. The petition then alleges that by reason of the facts before set out the equitable title to two-thirds of said land is in plaintiffs, the defendant holding the legal title to same in trust; that the defendant has received the rents from said property since shortly after its conveyance to him by said trustee, and refuses to account to plaintiffs for their portion of same, and is asserting exclusive ownership in said land, "wherefore plaintiffs pray for judgment for an undivided two-third interest in said land, for partition, rents and damages, etc."

We think this petition sets up a good cause of action, and the court below erred in sustaining a general demurrer thereto. Our statute of frauds does not apply to trusts arising directly from an express contract, nor to implied or constructive trusts, and the contract by which an express trust is created, or the facts from which an implied trust will result, may alike be proven by parol. James v. Fulcrod, 5 Texas, 512; Miller v. Thatcher, 9 Texas, 482; Brotherton v. Weathersby, 73 Texas, 473.

The facts alleged in the petition are sufficient to show an express or direct trust in favor of appellants. We see no reason why one person may not hold a beneficial interest in land in trust for another, and such trust may be established against the beneficiary upon proof of facts which would create a trust against the holder of the legal title. Plaintiffs in this case, as sureties, had the right to have the land of their principal levied upon and sold to pay said note, and such levy had been made, and when they agreed with defendant and the owner of said land that the levy should be released upon the execution of the deed of trust in favor of defendant, with the understanding that said deed of trust was to indemnify them equally with the defendant, and in pursuance of said agreement the levy was released and said trust deed executed, the defendant became the trustee of plaintiffs as to two-thirds of the beneficial interest in said land conveyed to him by the trust deed. Such being the relation of the parties, we are of opinion the purchase by defendant at the foreclosure sale for the consideration alleged in the petition would not, in the absence of any further agreement between the parties, have changed the trust relations, and by such

purchase the defendant would have acquired and held two-thirds of the legal title in trust for plaintiffs. Plaintiffs' petition not only fails to show any change in the trust relation of the parties at the time of the purchase by defendant of the legal title, but charges that it was expressly agreed and understood at the time that such purchase should be made for the common benefit of themselves and the defendants, and that he was to hold two-thirds of the legal title in trust for the plaintiffs. Under the facts alleged in the petition it would be against equity and good conscience to permit the defendant to hold the title to the land discharged of the trust.

The judgment of the court below will be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*