## WATKINS v. WATKINS et al.

(Court of Civil Appeals of Texas. Austin.
June 7, 1911. Rehearing Denied
Oct. 25, 1911.)

1. TRUSTS (§§ 17, 18*)—CREATION — EXPRESS TRUSTS—VALIDITY OF ORAL TRUST.

An agreement need not be in writing, in order that it may create an express trust in lands.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 15–24; Dec. Dig. §§ 17, 18.*]

2. TRUSTS (§ 13*) — CREATION —EXPRESS TRUSTS—CONSIDERATION.

An agreement to pay one-half of a mortgage note for purchase money borrowed to pay for land is a valuable consideration, which will support an agreement by the maker of the note to hold half the land in trust for the promisor.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 11; Dec. Dig. § 13.*]

3. TRUSTS (§ 35*) — CREATION — EXPRESS TRUSTS—AGREEMENT.

An agreement, based on sufficient consideration, made before the purchase of land, that the land should be taken in the name of the purchaser and for the benefit of both parties is, where the land was actually purchased and the beneficiary offers to comply with the agreement, sufficient to create an express trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 45–50; Dec. Dig. § 35.*]

4. TRUSTS (§ 361*)—ESTABLISHMENT—CONDITIONS PRECEDENT—PERFORMANCE BY PLAINTIFF.

To create a trust, either express or resulting, in land, the party who seeks its establishment must, either at the time or before the purchase, furnish or agree to pay the purchase money or a proportional share thereof, so that where, in an action to establish an express trust, the only consideration relied on to support the trust was an agreement to pay one-half of a note, given by the alleged trustee to obtain the purchase price, and the agreement proved was that the trustee should give the note and a mortgage to secure the money which he borrowed, and that the note should be paid from the rentals of the land, and there is no showing that the person claiming the trust either agreed to or ever did do anything to make the land produce rents, no right to have a trust established is shown.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 556–559; Dec. Dig. § 361.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by C. J. Watkins against Mrs. Sallie Watkins and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Z. I. Harlan and E. M. Eddins, for appellant. Tom Connally and Spivey, Bartlett & Carter, for appellees.

JENKINS, J. So far as the disposition which we make of this case is concerned, the petition of appellant, who was plaintiff in the court below, may be taken as alleging, in substance, that he and his brother, W. D. Watkins, entered into a verbal agreement, whereby the said W. D. Watkins was to purchase, in his own name, for appellant and said W. D. Watkins a certain tract

of land, which was to be sold at sheriff's sale, and in which neither of them had any interest; that the same was to be paid for by said W. D. Watkins giving his note and executing a mortgage on said land, which note was to be paid off equally by said parties, and they were to be equally interested in the ownership of said land; that said land had been bought in accordance with said agreement; and that appellant was ready and willing to carry out his part of said agreement, but that said W. D. Watkins had failed and refused to recognize appellant's interest in said land. The allegations as to their mother's interest in an adjoining tract, the marriage and subsequent death of W. D. Watkins, are unnecessary to be considered, as such allegations do not alter the legal aspect of this case in so far as the rights of appellant are concerned.

[1-3] We think the petition as above construed states a good cause of action, for the reason that an agreement, in order to create an express trust in land, need not be in writing; that the alleged obligation of appellee to pay one-half of the mortgage note, executed for the purchase money, was a valuable consideration; and that the agreement, being alleged to have been made before the purchase of said land, and his offer to comply with his agreement in reference thereto, is sufficient to create such express trust. Jones v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Brown v. Jackson, 40 S. W. 162; Chilson v. Reeves, 29 Tex. 281; Lucia v. Adams, 36 Tex. Civ. App. 454, 82 S. W. 335; Gardner v. Randell, 70 Tex. 453, 7 S. W. 782.

[4] But the evidence in this case does not sustain the allegations of appellant's petition in a material point, in that it does not show that he obligated himself to pay one-half, or any other amount, of the purchase money. The undisputed evidence in this regard is that it was agreed that W. D. Watkins should purchase the land at sheriff's sale, for the benefit of himself and appellant; that he should take the deed in his own name, execute a note, signed only by himself, and a mortgage on said land to secure the purchase money, which he was to borrow; and that said note was to be paid by the rents from said land. There is no proof that appellant was to, or that he did, do anything toward making said land produce rents. On the contrary, from the time of said sheriff's sale to the death of W. D. Watkins, eight years later, W. D. Watkins alone occupied, worked, and farmed said land, though the evidence shows that appellant, who was the brother of W. D. Watkins, was a farmer, and was in the neighborhood a part, if not all, of that time. There is no evidence that any net rents were produced on said land. On the contrary, the evidence is that the land was prac-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tically uncultivated when it was sold at said sheriff's sale, and that the boll weevil and drought had been disastrous to the farming interest in, that section, and that, for some of the years at least, the farm on said land had not paid expenses. Appellant alleged that the purchase-money debt on said land was originally $2,200, that it had been renewed, and that it was still $2,100, and he did not allege or prove that he had paid any part of said purchase money, or had offered to do so, prior to the bringing of this suit.

Such being the case, was the appellant entitled to recover? We think not, for the reason there was no consideration to support said agreement. It is not claimed that appellant would have bid on said land but for said agreement, or that he was placed in any worse position, or that W. D. Watkins was placed in any better position, than would have been the case but for such agreement. The land was to pay for itself out of the rents. The land belonged to W. D. Watkins, and the rents, if there had been any, were his.

To create a trust, either express or resulting, in favor of a party, he must at the time, or before the purchase, furnish or agree to pay the purchase money, or his proportional part thereof. Allen v. Allen, 101 Tex. 362, 107 S. W. 528; Brotherton v. Weathersby, 73 Tex. 471, 11 S. W. 505; Williams v. San Saba County, 59 Tex. 444. A promise to buy land and convey it to another who has no interest in the land, and who does not furnish any part of the purchase money, does not create a trust. Thorp v. Gorden, 43 S. W. 324. There is no consideration for such promise, where the promisee is not placed in any worse condition by reason of the same. Foster v. Ross, 33 Tex. Civ. App. 615, 77 S. W. 991.

Holding, as we do, that appellant was not entitled to recover under the undisputed evidence in the case, it is not necessary that we should pass on the other assignments of error herein.

For the reason above stated, the judgment herein is affirmed.

Affirmed.