## FIDELITY UNION FIRE INS. CO. v. McDONALD. (No. 2075.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Trial ⊕⊃115(1)—Statement of counsel as to matters already in evidence not error.**

Argument of counsel in stating matters already in evidence is not considered an improper statement.

**2. Trial ⊕⊃78 — Objections to testimony as conclusions not well taken unless witness' knowledge tested by cross-examination.**

In an action on a hail policy, testimony of the insured that the crop injured by hail was the identical crop growing on the land which he insured was not objectionable as a conclusion on a mixed question of law and fact, where no effort was made by defendant to test the knowledge of witness by cross-examination.

**3. Evidence ⊕⊃460(2)—Identity may be shown by parol evidence.**

In an action on a hail policy, testimony that the crop injured was the identical crop growing on the land insured was not objectionable as violating the parol evidence rule, since identity may be established as any other fact where the evidence does not vary, add to, or contradict the written description.

**4. Evidence ⊕⊃460(2) — Parol testimony of identity admissible.**

In an action on a hail policy, testimony that insurer's agent was in the cotton field on the survey described in the petition and filled out the policy when it was written was not inadmissible under the parol evidence rule; it tending merely to identify crop insured.

**5. Pleading ⊕⊃398 — No variance between pleading and proof to surprise because of discrepancy of description of property between petition and policy.**

In an action on a hail insurance policy describing the field insured as in block "T 18," while the petition describes the block as "18," there was no variance in pleading and proof in view of the fact that the description given in the policy otherwise identifies the crop, and the discrepancy mentioned will be rejected as surplusage, and not regarded as a material variance, where it does not mislead or surprise the adverse party.

Appeal from Hall County Court; W. A. McIntosh, Judge.

Action by H. A. McDonald against the Fidelity Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ocie Speer, of Fort Worth, for appellant. Morton & Fitzgerald, of Memphis, for appellee.

KLETT, J. The appellee, H. A. McDonald, secured judgment against appellant, Fidelity Union Fire Insurance Company, upon a policy of hail insurance covering 125 acres of cotton. The company claims the policy it issued was void as a wagering contract. It also insists that the policy was not sufficient to identify the crop insured. Both propositions are overruled in view of the opinion rendered to-day by this court in a similar case. Fidelity Union Fire Insurance Company v. Mitchell (No. 2027) 249 S. W. 536.

[1] The appellant excepted to the argument of appellee's counsel in referring to the terms of the policy introduced in evidence. Merely telling the jury something that is already in evidence is not considered an improper statement. Rice v. Garrett (Tex. Civ. App.) 194 S. W. 673.

[2, 3] While plaintiff was on the witness stand, testifying relative to the crop injured by the hail, his counsel asked him if that was the identical crop growing on the land which he insured with the company. The witness answered it was, and appellant objected. The first ground is that the question calls for a conclusion on a mixed question of law and fact. It appears that the testimony was given in connection with other descriptive evidence admitted to identify the crop. Where it is questionable whether the answer was the expression of a conclusion or

the statement of a fact, the complaining party should ascertain the truth thereof and remove all doubt by testing the knowledge of the witness on cross-examination. Such would seem to be better practice where the question of admissibility under such circumstances is a close one. Irrigation Co. v. Hahn, 105 Tex. 235, 146 S. W. 1187; Lundell v. Allen (Tex. Civ. App.) 244 S. W. 1098. Another objection is that the introduction of the testimony violates the parol evidence rule, and that there is no pleading to justify the proof. Identity may be established as any other fact where the evidence does not vary, add to, or contradict the written description. Long v. Martin (Tex. Civ. App.) 234 S. W. 97 and authorities therein cited. The objections are overruled.

[4] The appellant's proposition complaining of the testimony to the effect that the company's agent was out in the field of cotton on the survey described in the petition, and filled out the policy when it was written, is likewise overruled. The evidence was not admitted to reform or renounce the instrument sued on, but to identify the crop called for in such instrument. Sloan v. King, 33 Tex. Civ. App. 537, 77 S. W. 51, and authorities therein cited.

[5] The last proposition complains of variance between the pleading and proof in that the petition describes the block as "18," whereas the policy refers to it as "T 18." In view of the fact that the description given in the policy otherwise identifies the crop, the discrepancy mentioned will be rejected as surplusage (Arambula v. Sullivan, 80 Tex. 618, 16 S. W. 436), and not regarded as a material variance where it does not have the effect of misleading or surprising the adverse party (Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583).

The judgment is affirmed.