## SAMMANN v. DEITRICH.
### No. 3612.

Court of Civil Appeals of Texas. Amarillo.
May 6, 1931.

Rehearing Denied June 10, 1931.

C. D. Russell and Joiner & Cook, all of Plainview, for appellant.

L. G. Mathews and Jeff D. Ayres, both of Floydada, and G. E. Hamilton, of Matador, for appellee.

HALL, C. J.

The appellant, Sammann, plaintiff below, filed this suit in trespass to try title to recover a strip of land lying between section 7, block M–14, and section 126, block D–2.

The defendant disclaimed except as to the strip in dispute, and pleaded not guilty, and that he, as the agent for O. F. Marschner, the then owner of the S. W. ¼ of section 7, had an agreement on or about January 25, 1919, with the plaintiff, Sammann, that the dividing line between the two tracts of land was and should be where the fence dividing said tracts is now located, and that plaintiff built said fence in the fall of 1919, and that it had so remained since that date, and was recognized by them as the true boundary line between them. Defendant also set up the statutes of limitation of three, five, and ten years, but they were abandoned, and the case was tried only upon the issue of an agreed boundary.

The court submitted the case to the jury upon two issues, in response to which the jury found: (1) That a deed executed and delivered by Marschner to Mrs. Deitrich was, in fact, a mortgage and security for a loan; and (2) that there was an agreement between A. M. Deitrich, acting as agent for Marschner, and plaintiff, acting for himself, on or about the 25th day of January, 1919, fixing the boundary between their respective tracts of land at the line where plaintiff, Sammann, built the fence where it now stands. Judgment was entered accordingly.

The first contention urged by Sammann is that, because defendant Deitrich had alleged that he, as the agent for Marschner, had agreed with plaintiff, Sammann as to where the line was, it was necessary for Deitrich to show that Marschner was the owner of the S. W. ¼ of section 7 at the time of the agreement.

██ This contention is based upon the fact that a deed from Marschner to Deitrich was introduced in evidence, which was acknowledged May 25, 1918, reciting a consideration of $3,300. The defendant's testimony shows that, while this instrument was a deed upon its face, the real consideration for its execution was a loan, and that it was not intended by the parties to convey the title.

This being true, Marschner was the owner of the land. Parol evidence is admissible to show the real consideration for a deed or that a purported deed is, in fact, a mortgage.

The second contention is that, before plaintiff can be bound by an oral agreement fixing the line where the fence now stands, it must be shown that there was a dispute between him and Marschner as to where the true line was, and that there is no evidence to show such a dispute, for which reason the court should have directed a verdict for plaintiff.

██ In the first place, it is not necessary to show that there was a dispute in the sense in which appellant construes the word "dispute." Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Alexander v. Schleicher County (Tex. Com. App.) 3 S.W.(2d) 75; Kyle v. Clinkscales (Tex. Civ. App.) 22 S.W.(2d) 729. If the location of the line between the parties has not been definitely established, or is otherwise doubtful and uncertain, and the contiguous land owners orally agree to be bound by a line then established by their agreement, the agreed line will be adhered to by the courts. As said in 7 Tex. Jur. 194, § 54, a disputed boundary line may be fixed by a parol agreement between adjoining landowners which, when fairly and honestly made, will be recognized as binding upon them and those claiming under them, even though a mistake was made and the true line was not ascertained. Such agreements, when fairly made, are favored by law. They are approved and encouraged by the courts on the ground of convenience, policy, necessity, and justice, and as being in the interest of peace and tranquillity.

The evidence shows that there were several different opinions with reference to the location of the true boundary line between the two tracts. Block M–14, as shown by the field notes, was surveyed in March, 1877, and block D–2 was surveyed in June, 1878. Some surveying had been done in the two blocks by Surveyor Williams in 1917 and 1918. The land was finally surveyed in 1929 and patent. issued by the Governor on May 18, 1929, to the west half of section 126 in block D–2. A letter was introduced from Marschner to Deitrich authorizing the latter to agree upon the location of the line with Sammann, and it is clear from the letter that neither Marschner nor Deitrich knew where the line really was. The testimony of Carl Sammann, a son of plaintiff, shows that the fence was built according to the directions of his father, who did not know where the true boundary line was located upon the ground, and Carl's testimony shows that his father understood that the line had been built according to the agreement made between the parties.

██ Whether the trial court will reopen a case to admit further testimony or permit a witness to correct his former statement is a matter of discretion, which this court will not revise, unless it is clear that the discretion has been abused. No abuse is shown in this case.

It does not appear that the verdict of the jury was not governed by the testimony. There is evidence to support the finding of the jury upon both issues.

Finding no reversible error in the record, the judgment is affirmed.