## TRADERS & GENERAL INS. CO. v. HILL.
### No. 1645.

Court of Civil Appeals of Texas. Eastland.
March 19, 1937.

Rehearing Denied April 16, 1937.

Collins & Fairchild, of Lufkin, and Lightfoot & Robertson, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, and Lee, Porter & Latham, of Longview, for appellee.

FUNDERBURK, Justice.

After the requisite prior procedure, Jerry Hill, as plaintiff, by this suit recovered judgment against Traders & General Insurance Company, as defendant, awarding recovery of compensation under the Workmen's Compensation statute (Vernon's Ann.Civ.St. art. 8306 et seq.). The record, considering the statement of facts as a part thereof, is rather large. It speaks well for the learned trial judge and counsel for both parties that no claim of error is asserted in any of the important proceedings wherein errors are generally so difficult to avoid and all too frequently occur.

The only grounds of error embraced in the assignments of error of the appellant— the defendant below—are certain actions or rulings of the court having reference to alleged improper argument of counsel.

Looking to the decisions of the courts and the works of commentators on this subject, we find it difficult to state any but the most elementary propositions which will at all conform with Blackstone's conception of law as a "rule of action."

Ordinarily in order for an appealing party to show that the court has erred

in some action or ruling regarding argument of counsel, it is necessary that the assignments of error embodying such grounds of error be supported by a showing in the record that proper objection was made to the argument. City of Pampa v. Todd (Tex.Com.App.) 59 S.W.(2d) 114; Norwich Union Ind. Co. v. Smith (Tex. Com.App.) 12 S.W.(2d) 558; Moore v. Rogers, 84 Tex. 1, 19 S.W. 283; Moore v. Moore, 73 Tex. 382, 11 S.W. 396; Gulf, C. & S. F. Ry. Co. v. Greenlee, 70 Tex. 553, 8 S.W. 129; Southern Ice & Utilities Co. v. Richardson (Tex.Civ.App.) 60 S.W. (2d) 308; Wichita Valley Ry. Co. v. Minor (Tex.Civ.App.) 100 S.W.(2d) 1071.

■ A test by which to determine whether or not a particular case comes within this general rule is the existence of grounds to support a presumption that, had timely objection been made, the court would have given such admonitory instructions and/or counsel would have made such retraction as to render the improper argument immaterial. We use the word "immaterial" in the sense of not being calculated to prejudice (and therefore not presumed to prejudice) the other party. Williams v. Rodocker (Tex.Civ.App.) 84 S. W.(2d) 556.

■ A test for determining a recognized exception to said general rule is that when under the circumstances of a particular case and the nature of the argument, the appellate court can say that even had timely objection been made and appropriate admonitory instructions given or retractions made, such argument would nevertheless be reasonably calculated to prejudice the rights of the complaining party. In such case, the argument will be presumed to have been prejudicial, and a showing in the record that objection was made is unnecessary to support an assignment of error embracing as a ground thereof the action of the court in overruling a motion for new trial on account of such argument. Robbins v. Wynne (Tex.Com. App.) 44 S.W.(2d) 946. A reason for this exception is that rule 41 (District and County Court Rules, 142 S.W. xx) makes it the duty of the judge, even in the absence of objection, to enforce the rules of argument. Where there is a failure to perform such duty, in a case wherein an objection and the presumed results thereof would not have rendered it of a character not reasonably calculated to prejudice the complaining party, the exception exists.

Only two of appellant's assignments of error are supported by objections. These, of course, are to be determined by application of the principles governing the general rule. The other nine assignments of error are not supported by objections, and therefore present the preliminary questions of whether they, or any of them, come within the exception stated. Unless they come within the exception, the errors, if any, have been waived by failure to make objections.

The portions of counsel's argument to which objections were made and overruled, and the objections, are as follows:

(1) Argument: "Yes, Mr. Mayo: He [Dr. Roberts an expert witness for the appellant] said he was treating Mr. Mayo for a catarrhal condition, but I don't think, gentlemen, if Mr. Mayo had gone through this experience—had his throat slashed open, had his head cut and bruised, and a gash cut down the side of his chest and shoulder, lying in the hospital, been receiving medical treatment for over a year, I don't think he would appreciate having Dr. Roberts, or any other doctor, to come in and tell him 'why, Mr. Mayo, your whole trouble is that catarrhal condition in your head.'" Objection: "Your honor, I will have to object to the personal attention called to the particular juror, in the argument in this case."

(2) Argument: "They agreed with us on No. 14 [referring to special issue No. 14] that it ought to be answered, 'Yes, there was an injury to the hearing.' The court meant by that, injury to the brain." Objection: "I will have to object to Mr. Francis' interpretation by the court of Special Issue No. 14, as meaning an injury to the brain. The issue does not so read."

Let us consider these two portions of the argument in the order stated.

■ It is undoubtedly improper argument for counsel to make remarks, irrelevant to the issues in a case, suggestive of intimate friendly relations between himself and one or more members of the jury, or to single out one or more individual jurors by name in a personal appeal to him or them. 41 Tex.Jur. 790, § 69, and authorities cited.

■ We do not believe the argument in question violated this rule. It is true, counsel called the name of a juror, but appellant's witness called this juror's name, and from implied personal knowledge made

him an example in illustration of his testimony as an expert. The remarks of counsel commenting on this testimony were addressed to the jury and not particularly to the juror named. The reason of the rule, we think, has regard, not so much to the mere mention of the name of a juror, but rather to the irrelevancy of doing so and the improper purpose back of such action. The reason of the rule, so far as we can see, has no application to the particular circumstances here involved. The objection did not cover the irrelevancy of what the juror Mayo would not have appreciated about the opinion of Dr. Roberts.

■ Explanatory of the second portion of the argument, a qualification to the bill of exception shows that the argument was within the record in that the adverse counsel in argument had said: "Gentlemen, we say that [issue] under the evidence should be answered 'Yes,' as plaintiff also contends," etc. An argument by its very terms applicable only to a particular issue was not reasonably calculated, we think, to be prejudicial where counsel on both sides were agreed upon the same answer to the issue.

The portions of argument to which no objections at the time were made; and because of each of which it is claimed that the court erred in refusing the motion for new trial, we list (numerically, for the purpose of ready reference) as follows:

(3) "When you submit yourself to a specialist, particularly, he will find something wrong with you."

(4) "It is not unusual for many of us to have some little catarrhal condition, that discomforts us and inconveniences us."

(5) "Now, gentlemen, let's forget all about this long drawn out cross-examination by Mr. Fairchild, and the X-rays and medical theories and all of that stuff; that was for but one purpose and that was to get your minds away from this, and nothing else. I hope to goodness they did not succeed. He is going far in the mazes of medical theories that has nothing to do with this case, hoping you will forget this chain, and forget the terrible injury of Mr. Hill, that is why hours were consumed."

(6) "And I assure you that everything that I have done, from the time Jerry Hill became our client, until this very hour, has been an honest effort on my part to assist you gentlemen in arriving at an honest verdict in this case."

(7) "Gentlemen, I am not going to let a man like Sam McCorkle take up my time; he is talking to you about my trying to fix up the evidence in the case, and yet Sam McCorkle comes in here and jumps on us when he knew the law; why didn't we hand a bunch of X-rays to a doctor on rebuttal testimony? Nobody knows better than Sam McCorkle on the rules of evidence of rebuttal testimony, talking about trying to deceive somebody, I say it was a deliberate and malicious effort to fool you men on something that—nobody knew any better than Sam McCorkle."

(8) "Now, gentlemen, that is not all; they tried to make you believe that Dr. Hill, the old T & P Doctor, tried to make you believe he was an X-ray specialist, and I knew better. Still, I asked him 'Doctor, you don't mean to say here all you do is just taking X-ray pictures over there at the T & P Hospital at Marshall?' 'Oh, no, I examine and treat people'; but they try to deceive you right under your nose, that he is an X-ray specialist, when he is nothing in the world but just an ordinary doctor."

(9) "This insurance crowd, anything they did for him, they did it because they knew the strong arm of the law made them do it, and they come in here and try to deceive you men and make you believe that they are a bunch of angels."

(10) "Oh, but they say, before I forget it—they say 'well, he would not submit to an examination to a doctor appointed by the court.' The judge, you know, and can say, he is not partial in this case, considered that it was unwise to have an outside interloper stick a needle in this man's spine, when they knew nothing at all about the case. The judge said, 'It would be better for your own insurance doctors to stick the needle in him.' The trouble about the whole thing is the judge agreed with us, and disagreed with the insurance company, and they have been sore about it ever since."

(11) "He (plaintiff) went to a hotel and stayed in his room to save hospital expense * * *."

■ Perhaps the most serious complaint of any of said portions of the argument is that facts were stated which were not supported by any evidence. If counsel in argument to a jury states a material fact, to support which there is no evidence, that constitutes a flagrant breach of the rules

.of argument. But the term *material fact* in the sense thus employed does not include a fact of common knowledge of which courts take cognizance without proof. Neither does such term include a fact inferable by a process of reasoning from other facts supported by evidence. As to the latter, some allowance must necessarily be made for a difference of opinion as to what facts may be inferred from others. So far as the record discloses, we think all the facts complained of in the several portions of the argument as being without support in the evidence are of such nature. They are facts of common knowledge, or facts not unreasonably to be inferred from other facts concerning which there was some evidence.

We do not regard any of the argument as in itself of the character properly to be denominated inflammatory.

If there was any impropriety in any of the argument, we are not convinced that it is of a nature calculated to prejudice the appellant. In appraising its nature we consider each argument the same as if timely objection had been made and instructions given to disregard it. By that test we cannot say that in our opinion any of the argument was material in the sense stated.

It is therefore our opinion that the judgment of the court below should be affirmed, and it is accordingly so ordered.