614

**TEXAS EMPLOYERS' INS. ASS'N**

v.

**SCHANEN.**

No. 12619.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 16, 1953.

Rehearing Denied Jan. 13, 1954.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellant.

Butler, Williams & Stone, Robstown, for appellee.

NORVELL, Justice.

This is a Workmen's Compensation case, Article 8306 et seq., Vernon's Ann.Civ. Stats., in which the claimed injury was a radiohumeral bursitis caused by a severe jerk or strain of the left arm.

By a single point it is asserted that the trial court erred in overruling a motion for mistrial predicated upon a prospective juror's voir dire examination. The factual situation presented is unusual and no authorities directly in point are cited. By bill of exception, it appears that the following questions were propounded and answers given during the examination of the prospective juryman, T. E. Frost, viz.:

"Q. Have you ever been injured in an accident, an injury of any kind? A. Yes.

"Q. When was that? A. In 1946.

"Q. What was the nature of your injury? A. In lifting some heavy materials, I had to take it this was, up and down (illustrates) and strained the bursa in both thumbs.

"Q. Were you able to continue or were you off a while? A. I was off 45 days. * * *

"Q. Are you completely recovered from that or do you notice some weakness there? A. Yes, I still notice that when I pick up heavy material I have to turn that aloose, and can't hold that. * * *

"Q. Would anything in that prior injury make you prejudiced for or against one side or the other in this case, if you were chosen as a juror? A. No, sir.

"Q. Do you believe that a man receiving a certain type of injury to his arm could lose the use of it without necessarily it having to be cut off? A. Yes. Because that is my thumb screwed around like that. (Witness holds up his hand indicating the condition of his thumb.)

"Q. It is compensable injury? A. Yes."

The examination of the prospective juror, Frost, was had on the morning of April 20, 1953, and no objection as to the propriety of the questions propounded was made. At two o'clock in the afternoon, after three other members of the jury panel had been examined, appellant presented its motion for mistrial.

Appellant cites a number of jury misconduct cases, such as Texas Power & Light Co. v. Friedsam, Tex.Civ.App., 105 S.W. 2d 1118, where it appeared that while the jury was deliberating upon its verdict, two of the members thereof, in effect, testified as to their personal experiences with electric motors. This, however, is not a case in which a juryman, in contravention of the trial judge's instructions, relates personal experiences within the confines of the jury room while the jury is deliberating upon its verdict. There is a vast distinction between incidents and occurrences which take place within the secrecy of the jury room and those proceedings which are had in open court in the presence of the judge. Here it appears that the questions were propounded under the direction or control of the court and it cannot rightly be said that the prospective juror was guilty of misconduct in answering them. If there be any irregular procedure involved, it was that of counsel in asking the questions. However, should we assume that the court was derelict in failing to keep the interrogation within due bounds, the nearest analogous situation to it, which commonly occurs during the trial of lawsuits, is the receiving of incompetent or irrelevant evidence in the absence of a timely objection thereo. Appellant made no objection to the recitation of the details of the injury adduced upon the voir dire, but contends that prejudice would have resulted had such course been followed. With this position we cannot agree. Objections to the receipt of improper evidence are commonly made during the trial of a lawsuit, and ordinarily it is not claimed that the failure to object may be excused by possible prejudice resulting from the mere stating of an objection. Except perhaps in the most unusual cases, we do not proceed upon the theory that a reversible error is disclosed by receiving incompetent evidence, even though no objection is made thereto. We think that essentially the same rule which is applicable during the course of a trial is applicable to the voir dire examination of prospective jurors.

Appellant's point is overruled and the judgment, affirmed.