**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Oswald L. KENNEDY, Appellee.**

No. 13198.

Court of Civil Appeals of Texas.

San Antonio.

May 29, 1957.

Rehearing Denied June 19, 1957.

Frank P. Christian, Eskridge, Groce & Hebdon, San Antonio, for appellant.

Helm, Jones, McDermott & Pletcher, George E. Pletcher, Albert P. Jones, Houston, Bert Kirk, Jr., Cuero, for appellee.

W. O. MURRAY, Chief Justice.

This is a workmen's compensation case. O. L. Kennedy is the employee, W. J. Harris Contracting Company, the employer, and Texas Employers' Insurance Association, the insurance carrier. The trial was before a jury and resulted in judgment in favor of O. L. Kennedy in a lump sum of $8,287.02, for total and permanent disability caused by an injury allegedly sustained by him. Texas Employers' Insurance Association has prosecuted this appeal.

Appellant presents no contention that the findings of the jury were not supported by sufficient evidence. All of its points re-

late to improper argument allegedly made by appellee's counsel.

■ Appellant's first point is as follows:

"Counsel for plaintiff in both their opening and closing arguments to the jury argued that the jury should consider a remark made by a prospective juror on voir dire examination in coming to their decision as to whether or not the defendant had notice of the plaintiff's injury within thirty days and this argument was improper and reasonably calculated to prejudice the defendant and did result in probable injury to the defendant."

Appellant defended the suit largely upon the contention that appellee, Kennedy, never at any time within thirty days from the date of his alleged injury, March 2, 1955, notified his employer of its occurrence. J. W. Parker, foreman for the employer, under whom Kennedy was working, testified that Kennedy did not report an accident or injury to him within a thirty-day period after March 2, 1955. Parker admitted, however, that he might have heard about the injury within the thirty-day period but did not consider it bad enough to make out a report to the Insurance Company. Kennedy testified that he had reported the accident to his employer the morning following its occurrence. Appellant introduced in evidence part of a statement admittedly signed by Kennedy, which read: "I did not mention this (the accident) to my foreman until about April 2, 1955." The jury found in answer to Special Issue No. 2, that Parker received notice within thirty days after Kennedy's injury on March 2, 1955.

While the prospective jurors were being questioned prior to trial, one, Murphy, stated that he had worked for the defendant company about ten years, and that although he was not on the job the day plaintiff got hurt, he was there the next morning and knew the plaintiff had to quit work because of his injuries.

One of the appellee's attorneys in opening the case made the following argument to the jury:

"There was testimony presented here that it was general knowledge among all of the employees that he was hurt. As a matter of fact, there was one man on this jury, Mr. Murphy, that said he couldn't serve because he knew about it the next day and he didn't want to sit on the jury. Now, the Insurance Company is contending that the employer did not know that Mr. Kennedy was injured, or they didn't know it until after thirty days. I want you to think about that as we get to these special issues and I will go into it further. You can't tell me that all the employees on the job, there being some ten or twelve, knew about it, one of the men was one of you men that was called here to serve, that the Company or the boss didn't know about it."

Appellee's other attorney in making the closing argument said:

"Now, Mr. Parker, on the other side, said, 'Well, I had hear something about it. I don't actually remember him reporting it to me, but I heard something about it.' And the Court doesn't ask you whether Mr. Kennedy told about it. He just said, 'Did he know? Did he have notice?' It could have come from anybody out there— from the juror that was out here on the panel before we selected you."

No objection or motion for a mistrial was made at the time the juror Murphy was testifying on voir dire examination, nor at the time the alleged improper argument was made. In Texas Employers' Insurance Ass'n v. Schanen, Tex.Civ.App., 263 S.W.2d 614, this Court held that information given by a prospective juror on his voir dire, not objected to at the time, was not sufficient grounds to support a later motion to declare a mistrial.

If the argument made was in fact improper, it was of such a nature that upon objection its harmful effect could have been cured by a proper instruction from the court. Texas Employers' Insurance Association v. Crow, Tex.Civ.App., 218 S.W. 2d 230, affirmed, 148 Tex. 113, 221 S.W. 2d 235, 10 A.L.R.2d 913; Texas Employers' Insurance Ass'n v. Logsdo., Tex. Civ.App., 278 S.W.2d 893, ref., n.r.e.; Texas Employers' Insurance Ass'n v. Baker, Tex.Civ.App., 278 S.W.2d 419, ref., n.r.e.; Kimball v. Noel, Tex.Civ.App., 228 S.W. 2d 980, ref., n.r.e.; El Paso City Lines v. Prieto, Tex.Civ.App., 191 S.W.2d 59.

■ Appellant's second point is as follows:

"Counsel for plaintiff in his opening argument to the jury argued that it was not surprising that the plaintiff had never complained of his injuries to anybody because he personally knew one man who had been sitting there in the court room for two days with his back hurting and no one had heard him complain and this argument was improper and was reasonably calculated to prejudice the defendant and did result in probable injury to the defendant."

Appellant also defended this suit on the ground that appellee was not incapacitated, or, in the alternative, there was at most only a small amount of partial temporary disability. The medical testimony was in sharp conflict upon this matter. W. H. Pullin, appellee's next-door neighbor, testified he had observed appellee for some eight or nine months prior to the trial and had never heard him complain or show signs of an injury. Jesse Taylor, Chief of Police of the City of Cuero, testified that he was an acquaintance of appellee's and had never seen nor heard appellee complain of a bad back.

One of appellee's attorneys made the following argument to the jury:

"Actually, we want to know was he hurt and if he is totally disabled. The other testimony that we had was similar to that of Mr. Pullin. That was from Mr. Jesse Taylor, our good Chief of Police, and he stated the same thing; that he had seen him twenty-five or thirty times, and that Mr. Kennedy did not complain to him about his back. Gentlemen, I know one man here in this room besides Mr. Kennedy that's been here for two days that's hurting in his back and you haven't heard him complain.

"Mr. Hebdon: That's going outside the record. I don't know who he is talking about.

"Mr. Kirk: I am not going to mention him.

"Court: Just go ahead.

"Mr. Hebdon: We object to him going out of the record.

"Court: Stick to the evidence."

The trial judge in effect sustained appellant's objection to this argument and admonished counsel to "Stick to the evidence." If appellant was not satisfied with this instruction it should have asked the court for further instructions. Younger Bros. v. Moore, Tex.Civ.App., 135 S. W.2d 780; El Paso City Lines v. Prieto, Tex.Civ.App., 191 S.W.2d 59; Coleman v. Texas & Pacific Ry. Co., Tex.Civ.App., 241 S.W.2d 308; Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ.App., 278 S.W. 2d 893. Appellant's second point is overruled.

■ By its third point appellant complains of certain arguments made by appellee's counsel which tended to inform the jury of the effect of their answers to the special issues submitted. We overrule this point. Two of these arguments were objected to and the objection was sustained and counsel admonished that the arguments were improper. No further instructions were requested. The arguments

made were not of such harmful nature that the injury could not have been cured by a proper instruction from the court. Household Furniture Co. v. Storrie, Tex. Civ.App., 292 S.W. 612; Davis v. Christmas, Tex.Civ.App., 248 S.W. 126; Galveston, H. & S. A. Ry. Co. v. Easton, Tex. Civ.App., 257 S.W. 924; Airline Motor Coaches v. McCormick, Tex.Civ.App., 186 S.W.2d 689; Employers Mutual Liability Ins. Co. v. Norman, Tex.Civ.App., 201 S.W.2d 620; Federal Underwriters Exchange v. Rattler, Tex.Civ.App., 192 S.W. 2d 942.

■ Appellant's fourth point complains because attorneys for appellee made an argument to the jury which was an appeal for sympathy. No objection was made to this argument, and any harmful effect could have been cured by a proper instruction by the court to the jury. No such instruction was requested. Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478; Henwood v. Richardson, Tex.Civ. App., 163 S.W.2d 256.

■ Appellant's last complaint is that one of appellee's counsel mentioned the name of one of the jurors. Counsel suggested during his argument that the jury might elect Mr. Knippa foreman of the jury. He did not make any personal appeal to Mr. Knippa to do anything. The jury did not follow the suggestion, but elected another as their foreman. The mere mention of the juror's name, under the circumstances, was not error requiring a reversal of the judgment. Traders & General Ins. Co. v. Hill, Tex.Civ.App., 104 S.W.2d 603; Gulf, Colorado & Santa Fe Railway Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795; Walker v. Koger, Tex.Civ.App., 131 S.W.2d 1074.

The judgment is affirmed.

POPE, Justice.

I concur. Appellant has points complaining of four arguments. During argument appellant objected three times, and each time the court sustained the objection and firmly admonished counsel to stay in the record. No other objections were made and no other instructions were sought. There was no motion for mistrial. In my opinion, the arguments complained about constituted error, but the nature and degree of the errors are not such that they may be classified as incurable.