Bobby K. WALLACE, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COM-
PANY, Appellee.**

No. 15003.

Court of Civil Appeals of Texas.

Houston.

March 23, 1967.

Rehearing Denied April 13, 1967.

Zbranek & Friend, Kenneth H. Strahan, Liberty, for appellant.

Donald R. Hallmark, J. M. Perry Archer, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from judgment of the trial court entered on a jury verdict in a workman's compensation case brought by Bobby K. Wallace, appellant, against Liberty Mutual Insurance Company for back injuries allegedly sustained by appellant. The jury found appellant suffered no total incapacity but that he did sustain partial disability for a period of 52 weeks. Appellant's points of error are based upon the court's overruling his motion for new trial because of improper argument on the part of appellee's counsel, and also because the answers of the jury to the special issues on disability and the duration thereof were so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

The evidence shows that appellant was employed by Raymond International, Inc., as a pile driver, and that he sustained an injury to his back on January 13, 1965, and was examined and treated by four doctors, although appellant called only Dr. Bellamy to testify, and appellee introduced no medical testimony.

We have read the entire statement of facts, as well as the voir dire examination, and the argument of counsel representing appellant and also the argument of counsel representing appellee. We entertain no doubt that counsel for appellee resorted to improper argument in several instances, which was unprovoked and uncalled for.

The question is, however, whether under the circumstances and facts of the case the argument of appellee's counsel was of the incurable type, or whether it could have been cured by a timely objection by appellant's counsel and instructions of the trial court. Appellant's counsel sat by, heard the argument of appellee's counsel, and made no objection whatever to any of it. He, therefore, cannot now complain of error unless such argument was of the incurable type, that is, of such kind that no instruction of the court could have removed the poisonous effect thereof from the minds of the jury. We shall briefly discuss the arguments of which appellant complains and which he asserts were calculated to cause and probably did cause the rendition of an improper verdict in this case.

Appellant first complains that appellee's counsel on one or more occasions in his argument referred to a juror or jurors by name. At one point in his argument appellee's counsel stated: " * * * you have been here for a couple of days, sitting behind this rail, and I am sure you all looked down here at the numbers on top of the rail. I noticed Mrs. Brown looking yesterday, probably wondering what they are for." Counsel then explained that Judge Stovall had placed the numbers there to indicate distances in feet which could be referred to by witnesses in estimating distances. At another point counsel for appellee stated: "If either of the attorneys were to ask that the jury be polled, his Honor would ask: 'Mr. Held, and Mr. Tarver, Mr. Redman, Mrs. Brown and each of you, Is that your verdict?' And, it must be your verdict based on twelve decisions on the eighteen issues using common sense." Such argument made no appeal to the jury of any kind. No objection was made by appellant's counsel.

It has been held that it is not reversible error to refer to the jurors by name so long as a personal appeal is not made. Texas Employers Insurance Association v. Kennedy, 303 S.W.2d 440, Tex.

Civ.App. 1957, ref., n. r. e.; Traders & General Insurance Company v. Hill, 104 S.W.2d 603, Tex.Civ.App. 1937. In Walker v. Koger, 131 S.W.2d 1074, Tex.Civ.App. 1939, dism., judgm. correct, the court in effect held that the mentioning of a juror's name in argument, in the absence of any other questionable impropriety, would be considered immaterial error. Even if such reference is error, it must be objected to as it is not the incurable type of improper argument. Gulf, C. & S. F. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 1938.

Counsel for appellant refers to another argument made by counsel for appellee, which he contends was of the incurable type. At one point in his testimony appellant testified that he had not asked appellee for anything. The alleged improper argument is as follows: "He did ask for something. He asked through his attorney— may I see the original of the Plaintiff's Petition? He did ask you as you heard it read to you in the Plaintiff's Original Petition. I want you to see it and notice that this is a mimeographed petition with some blanks in it to be filled in.

"Now, this lawyer from the country that was talking to you yesterday morning, I will assume, has so much of this business that he has to have it mimeographed and fill in the blanks. That is not someone that does not know where the Courthouse is, and the thing that upsets me the most is that clients in their minds—they don't know they are saying themselves. They just tell a client to just fill in the blanks—'We will get you something.' "

■ Appellee's counsel then continued to comment on the fact that certain blanks had been filled in in the petition and that certain allegations such as "and the ligaments, muscles and tissues thereof and to his body generally," were typed on the mimeographed form, indicating that the same phrase was used in the petitions filed by appellant's counsel in all compensation cases but with reference to the particular part of the body injured which had to be filled in or inserted in the blank space in the petition. This argument was, of course, improper. Counsel for appellant, however, sat by and made no objection whatever, although had he objected when the first mention was made of a mimeographed form, the trial judge undoubtedly would have instructed the jury not to consider such reference for any purpose. It is our view that such argument was of the curable type, and that it would not have been permitted by the court or indulged in by appellee's counsel had an objection been made thereto.

■ At another point in his argument counsel for appellee argued: "You will recall that Mr. Wallace testified that he went to see Dr. R. L. Gordon, his family doctor, first. Why didn't they bring Dr. Gordon down to testify? Then he was sent by Dr. Gordon to a specialist here in town, Dr. Fain, is what Mr. Wallace told me. Why didn't they call Dr. Fain in? Dr. Fain would tell us that he suggested they call in Dr. Henry and he saw Dr. Henry on two occasions. Why didn't they call in Dr. Henry? He has been to Dr. Bellamy. You heard Dr. Bellamy testify and you heard what kind of person he was. You heard how he reacted to cross-examination. If there was ever a partner to this lawsuit or a friend of the party to a lawsuit, I think you saw one yesterday." This argument was, of course, improper, but again no objection whatever was made to it. Had there been an objection the court undoubtedly would have instructed the jury not to consider it. Furthermore, on cross-examination of Dr. Bellamy by appellee's counsel it was shown that Dr. Bellamy expected to be paid only $150.00 to $200.00 for his services.

We cannot say that this argument was of the incurable type or that it was calculated to cause and probably did cause the rendition of an improper verdict and judgment, for several reasons. In the first place, the testimony of appellant with respect to the doctors was rather indefinite. He testified

that he went to Dr. Gordon who treated him off and on three or four months. Unquestionably Dr. Gordon was appellant's doctor selected by him. He also testified at one time that "they (appellee) later on asked me to see Dr. Fain in Houston"; and also at another time he testified that he went to Dr. Fain when Dr. Gordon referred him to Dr. Fain. He further testified that he didn't know whether appellee requested it or whether he went to see Dr. Henry "on my own". He then testified at another time that he went to see Dr. Henry at Dr. Fain's suggestion. From such testimony it cannot be determined whether the doctors were primarily representing the appellant or appellee; but, regardless of this, it is our view that any error in such connection was nullified by the argument of appellant's attorney, who stated in his argument: "Furthermore, Mr. Hallmark knows what Dr. Fain said about him, and why didn't we call Dr. Henry and Dr. Fain? Who was in touch with Dr. Henry and Dr. Fain? You remember yesterday afternoon and they—

"And they stated that Dr. Henry was in surgery and Dr. Fain was not available until this morning. [This was stated out of the presence of the jury] Who is being more fair about this lawsuit? Now, that is a good question. Why didn't they call Dr. Fain and Dr. Henry? Well, that puts the shoe on the other foot. They were in touch with them. Why didn't they call them? They didn't call them because they would have told you the same thing about this man's disability as Dr. Bellamy who he attacked."

At another point in his argument appellee's attorney stated: "I want them to convince you because I don't think you are. I don't think you could be under the evidence in this case. I don't see how in the world you can be. When, believe me, I would not say that if I did not believe it. I would not ask you to believe me if I did not believe it to be true and sincere." This argument was improper, but no objection was made to it. Certainly the trial court would have instructed the jury not to consider what appellee's attorney believed one way or the other. He was not a witness and had no business stating what he believed or knew.

After carefully considering the entire argument of both attorneys and also the statement of facts in the case, we have concluded that we cannot say that the argument of appellee's counsel was of the incurable type, especially in view of the argument made by appellant's attorney. In Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 1953, the court commented on the fact that where each party commented in the presence of the jury on the failure of the other to use a particular witness, equally available to both, the only reasonable inference to be drawn therefrom was that the witness would not testify favorably for either party, else he would have been called by one or the other. In the instant case there was no evidence that the medical witnesses were available at the time to appellee, other than the statement made by appellee's counsel out of the presence of the jury. Other than such statement, there was no evidence that such witnesses were under the control of appellee. Although such doctors were paid by appellee, there is no evidence that they were in appellee's employ. It is our view that in the absence of any objection to the argument of appellee's counsel, any error with respect to such argument was waived by appellant. Wade v. Texas Employers' Insurance Association, 1951, 150 Tex. 557, 224 S.W.2d 197. Nor can we say that such argument was reasonably calculated to cause and probably did cause the rendition of an improper verdict, especially in view of appellant's argument. Turner v. Gossett, 267 S.W.2d 877, Tex.Civ.App. 1954; Western Fire & Indemnity Co. v. Bradshaw, 356 S.W.2d 832, Tex.Civ.App. 1962, ref., n. r. e.

The law is well settled that in order to entitle one to a new trial because

of improper argument of counsel, it must be shown that an objection was made and overruled when the argument was made, and that a new trial will not be awarded in the absence of timely objections where any harm or prejudice resulting from the argument can be eliminated or cured by instruction from the court or by a retraction. Texas Employers' Insurance Association v. Jones, 361 S.W.2d 725, writ ref., n. r. e.; Aultman v. Dallas Ry. & Terminal Co., supra; City of Ft. Worth v. Estes, 279 S.W.2d 687, Tex.Civ.App. 1955, ref., n. r. e.; Wade v. Texas Employers' Insurance Association, supra. In the instant case the cumulative effect of the curable arguments is not such as to require a reversal. In light of the whole record, we cannot say that the cumulative effect was calculated to cause and probably did cause an improper verdict. King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855, 1946; Texas General Indemnity Co. v. Bledsoe, 344 S.W.2d 527, ref., n. r. e.; Travelers Insurance Co. v. Broadnax, 365 S.W.2d 683, Tex.Civ.App. 1963, n. w. h.

The jury heard all the evidence, which consisted of the testimony of appellant and his wife, both interested parties, and the testimony of Dr. Bellamy which was based largely upon what appellant told him. In a report made by Dr. Bellamy to appellee nearly a year after the accident, the diagnosis was "Lumbo-sacral strain, possible disc disease." Dr. Bellamy also said in such report that "Patient has not been back for treatment so I assume he has either recovered or is going to another physician." There is other testimony of Dr. Bellamy and appellant from which the jury could have found some total disability or partial disability for a longer period had they accepted such testimony at face value. Appellant testified that he could not engage in the kind of employment that he was engaged in before the injury, because such employment involved lifting heavy objects, twisting, bending and climbing, which he could not do without pain. It was shown, however, that he had engaged from time to time in several kinds of light employment after his injury, and had also done some work on automobiles and trucks and in an oil field.

 It would serve no useful purpose to summarize all of the testimony of the witnesses. Suffice it to say that after carefully considering all the evidence, we have concluded that we cannot say that the findings of the jury with respect to appellant's incapacity are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Nor can we say that the improper argument of counsel under all the facts and circumstances of the case was calculated to cause and probably did cause the rendition of an improper verdict. Rule 434, Texas Rules of Civil Procedure.

Judgment affirmed.

COLEMAN, J., not sitting.