**Ray DEVILLIER**

v.

**PENROD DRILLING COMPANY.**

Civ. A. No. B–85–223–CA.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 6, 1987.

1968).

Raleigh Newman, Lake Charles, La., for plaintiff.

Michael C. Farrow, Clann, Bell & Murphy, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

In the case at bar, plaintiff Ray Devillier filed suit under the Jones Act, 46 U.S.C. § 688, and under the general maritime laws of the United States, alleging that the injuries he sustained were caused by the defendant's negligence and the unseaworthy conditions on board the defendant's offshore drilling vessel. On September 5, 1986, judgment was entered in this cause by virtue of the jury's verdict, whereby plaintiff was awarded $494,679.82 in damages (past and future), maintenance, cure, and prejudgment interest. On September 18, 1986, defendant filed the following motions which are presently pending before the court:

1. Motion for New Trial.

2. Motion for Judgment Notwithstanding the Verdict.

For the reasons set forth herein, it is the opinion of the court that the defendant's motions should in all respects be denied.

## I. JUDGMENT NOTWITHSTANDING THE VERDICT

It is well established under federal jurisprudence that there are two requirements necessary for granting a motion for judgment n.o.v.:

(1) A motion for a directed verdict must be submitted to the court after the close of evidence, but before the case is submitted to the jury. *Delano v. Kitch*, 663 F.2d 990 (10th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982).

(2) The evidence so strongly supports an issue that reasonable minds could not differ with the points raised in the motion for directed verdict. *Perricone v.*

*Kansas City Southern Railway Co.,* 704 F.2d 1376 (5th Cir.1983).

In the present case, it is undisputed that the defendant moved for a directed verdict at the close of evidence, and thus satisfied this condition precedent for raising a motion for judgment n.o.v. However, defendant has not met the second requirement as set forth above. In support of defendant's motion for judgment n.o.v., the defendant has chosen to stand on the "no evidence points" raised in its motion for directed verdict at the close of the evidence. Thus, the defendant maintains that reasonable minds could not differ that the defendant was not negligent, or that the defendant's vessel was seaworthy and safe. This position is not supported by the evidence. A motion for a judgment n.o.v. must be based on a complete absence of any evidence to warrant submission to the jury. *Citizens National Bank of Lubbock v. Speer,* 220 F.2d 889, 891 (5th Cir.1955). After a review of the record in the present case, the court finds that there was sufficient evidence to support the jury's finding that the defendant was liable for the plaintiff's injuries. Therefore, defendant's motion for judgment n.o.v. is hereby denied.

## II. NEW TRIAL

In the alternative, defendant requests the court to grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. As grounds for a new trial, defendant asserts that:

(1) It was prejudicial error for plaintiff's counsel to ask if a defense witness was a "claims adjuster."

(2) It was prejudicial error for plaintiff's counsel to state to the jury that the defendant failed to produce records and testimony of physicians.

(3) It was prejudicial error for plaintiff's counsel to state to the jury that the defendant had objected to the admission of written witness statements.

(4) It was prejudicial error for plaintiff's counsel to state to the jury that the defendant had failed to call the driller on location at the time of the alleged incident as a witness.

With respect to the defendant's first point of error, the record clearly reflects that plaintiff's attorney asked Joe Bryant, a witness for the defendant, the following question, in contradiction to the defendant's motion in limine:

Now, Mr. Bryant, you are an investigator, claims adjuster, and so on?

The defendant contends that the plaintiff's question was intended solely to bring to the jury's attention the fact that the defendant possessed liability insurance and that the question had the effect of inflating the plaintiff's damage award.

The court is aware that there is a danger to the defendant that the jury may award damages without fault or inflate damages once it learns that there is insurance coverage to pay the jury's verdict. *Langley v. Turner's Express, Inc.,* 375 F.2d 296, 297 (4th Cir.1967). However, not every mention of the word "insurance" or reference to the fact that the defendant carries insurance requires the granting of a motion for new trial.[1] *See generally, St. Louis Southwestern Railway Co. v. Gregory,* 387 S.W.2d 27 (Tex.1965); *Trice Contract Carpet Furniture Co., Inc. v. Gilson,* 329 S.W.2d 476 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.); *White v. Lilley,* 286 S.W.2d 296 (Tex.Civ.App.—Beaumont 1955, no writ). In fact, the court in *Roy v. Star Chopper Co., Inc.,* 584 F.2d 1124 (1st Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979), held that a single, unrepeated reference to insurance coverage was not so prejudicial that a new trial should be ordered. Similarly, in the instant case, plaintiff's single reference to

---

1. The court notes that the interjection of "insurance" is appropriate at certain times during a trial. Rule 411 of the Federal Rules of Evidence proscribes the admission of evidence that a person was or was not insured against liability upon the issues whether the person acted negligently or otherwise wrongfully. However, evidence of insurance against liability is not barred, when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness. FED. EVID. Rule 411.

the phrase, "claims adjuster," was not so prejudicial to warrant a new trial in light of the record as a whole. Moreover, the question to Mr. Bryant did not include the word, "insurance," and did not necessarily lead to the conclusion that the defendant carried liability insurance.

Furthermore, the court provided the following corrective instruction to lessen the impact of the question on the jury:

> Ladies and gentlemen of the jury, you will disregard the last portion of the question and not consider it for any purposes whatsoever in this lawsuit. This is a lawsuit between Mr. Devillier and Penrod Drilling Company and no one else.... It is irrelevant and has no bearing on any issues before you.

Even if the plaintiff's question was calculated, in some slight degree, to cause the jury to render a verdict which it would not otherwise have rendered, the court's instruction was adequate to eliminate its harmful effect.

Despite these instructions, the defendant contends that the nature of the prejudice created by the spectre of insurance was so great that not only was curative instruction insufficient to cure the error, but the necessity to so instruct served to highlight the matter. *See, Reed v. General Motors Corp.*, 773 F.2d 660 (5th Cir.1985). In this respect, defendant cites the language in *Reed* which states:

> The wisdom of experience is embodied in the aphorism that the scent of a skunk thrown into the jury box cannot be wiped out by a trial court's admonition to ignore the smell. *Reed*, 773 F.2d at 664.

The *Reed* case is distinguishable from the present action. In *Reed*, the plaintiffs filed a diversity action against Brent Boudreaux, Girard Meche, and their respective insurance companies under the Louisiana direct action statute. *Reed*, 773 F.2d at 662. The plaintiffs were injured in an automobile accident as a result of the defendant's negligence. The parties had stipulated that Boudreaux and Meche were both insured, and provided the court with the names of their insurers. *Reed*, 773 F.2d at 664. At the time the *Reed* case was tried, Louisiana courts permitted a defendant to try to mitigate the damages that might be assessed against him by introducing evidence of his inability to pay a large verdict. Based upon this "inability to pay" doctrine, Boudreaux introduced evidence of the limits of his insurance coverage at $5,000 per person, and $10,000 per accident. The plaintiffs in turn introduced evidence that Meche's insurance coverage limit extended to $500,000. *Reed*, 773 F.2d at 662. Under the Louisiana comparative negligence act, the jury attributed fault at 70 percent to Boudreaux, and 30 percent to Meche. The Fifth Circuit held that it was reversible error to admit the respective limits of the insurance coverage possessed by each of the defendants, since it was extremely prejudicial to the defendant with the higher coverage. There was an inherent incentive for the jury to keep the defendant with the deeper pocket in the case, i.e., Meche. Unlike the *Reed* case, plaintiff's single reference to "claims adjuster" in the present case did not rise to such a high degree of prejudice to the defendant Penrod so as to require a new trial.

 The remaining points of error raised by defendant's motion for new trial fall into the category of improper statements or arguments by counsel, and a new trial will not be awarded unless prejudice can be shown which could not have been cured by instruction. *See generally, Wallace v. Liberty Mutual Insurance Co.*, 413 S.W.2d 787 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *Williams v. General Motors Acceptance Corp.*, 428 S.W.2d 441 (Tex.Civ.App.—San Antonio 1968, no writ). The court finds that the actions of plaintiff's counsel were not so prejudicial as to warrant granting a new trial. Furthermore, the cumulative effect of the improper statements that the defendant failed to produce records and testimony of physicians, that the defendant failed to call a driller as a witness, and that the defendant objected to the admission of written witness statements was not such as to require the granting of a new trial.

### III. CONCLUSION

Upon a review of the record, it is the opinion of the court that the defendant's motion for judgment n.o.v. and motion for new trial should hereby denied for the reasons set forth herein.